GARY L. JOHNSON [4353]
JENNIFER H. MASTROROCCO [11206]
RICHARDS BRANDT MILLER NELSON
Attorneys for Plaintiff
Wells Fargo Center, 15th Floor
299 South Main Street
P.O. Box 2465
Salt Lake City, Utah  84110-2465
E-Mail:  gary-johnson@rbmn.com
          jennifer-mastrorocco@rbmn.com
Telephone: (801) 531-2000
Fax No.: (801) 532-5506

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY,<br><br>     Plaintiff,<br><br>vs.<br><br>EVEREST CONSTRUCTION LLC, and KIMBERLY DELOBEL, an individual,<br><br>     Defendants. | **COMPLAINT FOR DECLARATORY RELIEF**<br><br>Civil No. 1:18-cv-00045-TC<br><br>Judge Tena Campbell |

Plaintiff United Specialty Insurance Company (referred to hereinafter as "United Specialty"), by and through its counsel of record, Gary L. Johnson and Jennifer H. Mastrorocco of RICHARDS BRANDT MILLER NELSON, and pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, hereby complains and alleges against defendants Everest Construction LL ("Everest") and Kimberly Delobel ("Delobel"), and for causes of action alleges as follows:

## INTRODUCTION

1.        This action is filed pursuant to the Declaratory Judgments Act, 28 U.S.C.

§ 2201, et. seq. and United Specialty seeks an Order from this Court declaring its duties and

responsibilities under a Contract of Insurance issued by United Specialty to defendant Everest.

## JURISDICTION

2.        United Specialty is a surplus lines insurer incorporated in the State of

Texas, with its principal place of business in Bedford, Texas.

3.        Everest is a Utah limited liability company with its principal place of

business in Davis County, Utah, with its members being residents of the State of Utah.

4.        Delobel is an individual who, at all resident times, was a resident of the

State of Utah.

5.        This matter is based on 28 U.S.C. §§ 1332(a), 2201 and 2202, as this suit

prays for declaratory judgment, is between citizens of different states, and the amount in

controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest

and costs.

6.        Venue is proper in this district pursuant to 28 U.S.C. § 13391(a), in that a

substantial part of the events or omissions giving rise to the contested issues in this case occurred

in the District of Utah, Everest is a Utah LLC with its principal place of business, Delobel is a

Utah resident, and the case seeks a declaratory judgment concerning an insurance contract to be

interpreted under Utah law.

## FACTUAL ALLEGATIONS

The Contract of Insurance

7.      United Specialty issued to Everest an occurrence based surplus lines liability Contract of Insurance, Policy No. SII4539A203092 ("the Contract of Insurance").  The Contract of Insurance had a policy period from October 28, 2016, to October 28, 2017, with a limit of insurance of one million dollars ($1,000,000) per occurrence, two million dollars ($2,000,000) aggregate.  ( A copy of the Contract of Insurance is incorporated into this Complaint as **Ex. 1**.)

8.      The Contract of Insurance contained ISO Commercial General Coverage ("CGL") Form CG 00 01 12 07.

9.      Coverage A of the CGL Form addresses bodily injury and property damage liability.  The Insuring Agreement for Coverage A provides that United Specialty will pay those sums that Everest becomes legally obligated to pay as damages because of "bodily injury" to "which this insurance applies."  United Specialty will have the right and duty to defend Everest against any "suit" seeking those damages, however, United Specialty has no duty to defend Everest against any "suit" seeking damages for "bodily injury" to which "this insurance does not apply."

10.     The Coverage A section of the CGL Form also provides that the insurance applies to "bodily injury" only if the "bodily injury" is caused by an "occurrence" that takes place in the "coverage territory."

11.     The term "Bodily injury" is defined to mean bodily injury or disease, sustained by a person, including death resulting from any of these at any time.  The term

"occurrence" is defined in the Contract of Insurance to mean "an accident, including continuous

or repeated exposure to substantially the same, general harmful conditions."

> 12.     The Contract of Insurance contains an endorsement entitled:

AMENDMENT TO OTHER INSURANCE CONDITION ("Amendment Endorsement").  This

endorsement begins by stating:

> To the extent that any provision of the ISO Commercial General
> Liability Form No. CG 00 01 12 07 conflict or vary from the
> manuscript provisions (aka:  "Amendment to Other Insurance
> Condition") or manuscripted endorsements contained in this
> Policy, the manuscripted provisions of this Policy and/or
> endorsements control, govern, and supersede the conflicting or
> varying provision of the ISO Commercial General Liability
> Coverage Form.

> 13.     The Amendment Endorsement contains a general exclusions section.

Exclusion 2x provides:

> This insurance does not apply to:

> * * *

> **x.  Fall from Heights**

> "Bodily injury" sustained by any person at the location of the
> incident, whether working or not, arising out of, resulting from,
> caused by, contributed to by, or in any way related to, in whole or
> in part, from a fall from heights.  For purposes of this exclusion, a
> "fall from heights" shall be defined as a fall from any elevation
> where there is a height differential between surfaces.  This also
> includes the fall of an object causing, contributing to or in any way
> relating to, in whole or in part, a person sustaining "Bodily injury".

> 14.     The Contract of Insurance also contains an exclusionary endorsement,

no. 63, addressing multi-unit residential structures.  This exclusionary endorsement modifies the

insurance provided under the CGL Coverage Form and is added to Part II of Coverage A, the

exclusion section.  This section begins by stating that the insurance does not apply to:

4

**Multi-Unit Residential Structures**

"Bodily injury" or "property damage" arising out of, resulting from, caused by, contributed to by, or in any way related to work, development, construction, renovation or reconstruction on, or performed about the premises of:

(1)      any residential or commercial condominiums, townhouses, timeshares, cooperative housing, multi-family homes or homeowners association project(s), or

(2)      any building or location which has been or is planned to be converted into a residential or commercial condominium, townhouse, cooperative housing, or timeshare, whether or not the insured knew of the planned conversion.

* * *

For purposes of this exclusion, "multi-unit residential structures" shall include, but not be limited to, residential or commercial condominiums, townhouses, timeshares, cooperative housing, multi-family homes, and homeowners association projects.

15.      The Contract of Insurance contains TSD-CL-00526 (06/14), endorsement no. 92, which addresses the use of extrinsic evidence in evaluating the right to defend.  The endorsement modifies insurance provided under the CGL Coverage Form.  Paragraph 1.a of SECTION I – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY is replaced by the following:

1.      Insuring Agreement
a. We will pay those sums that the insured becomes legally obligated to pay as "damages" because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking "damages" to which this insurance applies.  However, we will have no duty to defend any insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

We may look to extrinsic evidence outside of the allegations and/or
facts pleaded by any claimant to determine whether we owe a duty
to defend or indemnify against a lawsuit seeking "bodily injury" or
"property damage."  We may, at our discretion, investigate any
"occurrence" and settle any claim or "suit" that may result. . . .

* * *

Except as set forth above, all of the terms, conditions and
exclusions of this policy apply and remain in effect.

16.     The Contract of Insurance contains endorsement No. 93.  This

endorsement addresses coverage under the CGL Form and relates to a limitation on the duty to

defend.  This endorsement states:

Where there is no coverage under this policy, there is no duty to
defend any insured.

Our determination regarding a defense obligation under this policy
may be made on documentation, evidence, or information extrinsic
to any complaint or pleading presented to us.

For those qualifying as an additional insured by way of an
additional insured endorsement, we have the right, but not the duty
to defend.

Except as set forth above, all of the terms, conditions and
exclusions of this policy apply and remain in effect.

## Allegations in the Underlying Lawsuit

17.     In October of 2017, Kimberly Delobel filed suit against Candlelight

Homes, LLC, WB Roofing, Inc. and Everest Construction, LLC in the Third Judicial District

Court, Salt Lake County, State of Utah ("Underlying Lawsuit").

18.     According to the allegations in the Underlying Lawsuit, in February of

2017, Everest was a contractor or subcontractor contracted by defendant Candlelight or

subcontracted by defendant WB Roofing for the purpose of roofing or performing other

6

construction activities at Santorini Village Project.  (Underlying Lawsuit at ¶ 13, a copy of which

is incorporated into this Complaint as **Ex. 2**.)

> 19.     On February 10, 2017, plaintiff Delobel was at the Santorini Village

Project to inspect garage lids in the course of her work as a building inspector.  Delobel was

requested by the superintendant of the Santorini Village Project to inspect two additional garage

lids at the Project.  (*Id.* at ¶ 17.)

> 20.     As the Delobel was walking with the superintendant to the additional

Santorini Village inspection location, an employee of Everest threw an 85-pound bag of shingles

from the roof.  This bag of shingles struck Delobel, causing her serious injuries.  (*Id.* at ¶ 18.)

> 21.     The Underlying Lawsuit alleges that the defendants, including Everest,

individually and collectively owed certain non-delegable duties of reasonable care to the

plaintiff, primarily not throwing heavy objects from the roof in a negligent manner so as to strike

her and cause harm.  Delobel also alleges the breaches of a number of other duties related to

hazard detection and correction at worksites.  (*Id.* at ¶ 19.)

> 22.     Delobel alleges she was seriously injured from this incident, and that she

has suffered and will continue to suffer pain, discomfort, disability, loss of enjoyment of life,

inconvenience, and other general damage, and that she has suffered economic and financial

harms and losses.  (*Id.* at ¶21.)

## FIRST CAUSE OF ACTION

(*Fall From Heights Exclusion Bars Coverage Under Contract of Insurance*)

> 23.     United Specialty incorporates by reference the allegations in paragraphs 1-

22 above as though fully set forth herein.

24.     The coverage available to Everest under the Contract of Insurance is limited by the conditions, limitations and exclusions in the Contract of Insurance.

25.     Exclusion x in the Amendment Endorsement in the Contract of Insurance provides that the insurance does not apply to:

> "Bodily injury" sustained by any person at the location of the incident, whether working or not, arising out of, resulting from, caused by, contributed to by, or in any way related to, in whole or in part, from a fall from heights. For purposes of this exclusion, a "fall from heights" shall be defined as a fall from any elevation where there is a height differential between surfaces. This also includes the fall of any object causing, contributing to, or in any way relating to, in whole or in part, a person sustaining "Bodily injury".

26.     The allegations in the Underlying Lawsuit are that Delobel was injured when the package of shingles was thrown from roof height down towards the ground height, struck her and injured her.

27.     The plain and ordinary understanding of the words used in the "Fall from Heights" exclusion preclude coverage for the claims made by Delobel against Everest in the Underlying Lawsuit.

28.     There is an actual controversy between United Specialty and all defendants concerning whether the allegations in the Underlying Lawsuit state claims for bodily injury that are covered under the Contract of Insurance. That controversy is incapable of resolution without judicial adjudication. Accordingly, United Specialty has no plain, speedy and adequate remedy in law and requires a declaratory judgment, adjudging that the claims made by Delobel against Everest in the Underlying Lawsuit find no coverage under the Contract of Insurance because they are excluded by the Fall from Heights exclusion.

## SECOND CAUSE OF ACTION

(*Multi-Unit Residential Structures Exclusion Bars Coverage Under Contract of Insurance*)

29.     United Specialty incorporates by reference the allegations in paragraphs 1-28 above as though fully set forth herein.

30.     The Contract of Insurance contains a "Multi-Unit Residential Structures" exclusion.  This exclusion provides that the insurance does not apply to "bodily injury" arising out of, resulting from, caused by, contributed to by, or in any way related to work, development, construction, renovation or reconstruction on, or performed about the premises of any residential or commercial condominiums, townhouses, timeshares, cooperative housing, multi-family homes or homeowners associations projects.

31.     The Contract of Insurance contains an "Use of Extrinsic Evidence" endorsement.  This endorsement provides that United Specialty may look to extrinsic evidence outside of the allegations and/or facts pleaded by any claimant to determine whether United Specialty owes a duty to defend or indemnify against a lawsuit seeking "bodily injury."

32.     The Contract of Insurance contains a "Limitation – Duty to Defend" endorsement.  This endorsement provides that where there is no coverage under the Contract of Insurance, there is no duty to defend any insured.  Further, this endorsement provides that United Specialty's determination regarding a defense obligation may be made on documentation, evidence, or information extrinsic to any complaint or pleading presented to it.

33.     Santorini Village is a mixed use development which included the planning, construction of and sale of townhouses.  (Advertisements for the sale of townhouses and the rental of townhouses and two bedroom apartments at Santorini Village, attached at

9

Ex. 3.)  Delobel's bodily injury claims arise out of, are related from, or were caused by, were

contributed to by, or were in some way related to work, development, or construction performed

"about the premises of" the residential and townhouse project designated as the Santorini

Village.

        34.     The "Multi-Unit Residential Structures" exclusion in the Contract of

Insurance bars coverage for Delobel's bodily injury claims at the Santorini Village Project.

        35.     There is an actual controversy between United Specialty and all

defendants concerning whether the allegations in the Underlying Lawsuit state claims for bodily

injury that are covered under the Contract of Insurance.  That controversy is incapable of

resolution without judicial adjudication.  Accordingly, United Specialty has no plain, speedy and

adequate remedy in law and requires a declaratory judgment, adjudging that the bodily injury

claims made by Delobel against Everest find no coverage under the Contract of Insurance

because they are excluded by the Multi-Unit Residential Structures exclusion.

        WHEREFORE, United Specialty prays for judgment against all defendants as

follows:

        1.     On the first cause of action, judgment by the Court that the scope of

coverage available under the Contract of Insurance attached as Exhibit 1 excludes coverage for

the claims made by Delobel in the Underlying Lawsuit against Everest because they are excluded

by the Fall from Heights exclusion in the Amendment Endorsement.

        2.     On the second cause of action, judgment by the Court that the scope of

coverage available under the Contract of Insurance attached as Exhibit 1 excludes coverage for

the claims made by Delobel in the Underlying Lawsuit against Everest because they are excluded by the Multi-Unit Residential Structures exclusionary endorsement.

       3.    Judgment by the Court that United Specialty is entitled to costs incurred in pursuit of these claims and for such other and further legal and/or equitable relief as the Court deems just and proper.

       DATED this 27th day of April, 2018.

                    RICHARDS BRANDT MILLER NELSON

                       /s/  Gary L. Johnson
                    Gary L. Johnson
                    Jennifer H. Mastrorocco
                    *Attorneys for Defendant*