IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED SPECIALTY INSURANCE CO.,<br><br>Plaintiff,<br><br>v.<br><br>EVEREST CONSTRUCTION,<br><br>Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 1:18-CV-45-TC<br><br>District Judge Tena Campbell |

Plaintiff United Specialty Insurance Company filed this declaratory judgment action to resolve its insurance coverage dispute with Defendant Everest Construction. To that end, United Specialty has filed a motion for judgment on the pleadings. For the reasons stated below, the court DENIES the motion.

**Background**

From October 2016 to October 2017, United Specialty insured Everest, a roofing contractor, through a "surplus lines" insurance policy (the Policy). According to United Specialty, this is "the type of policy that often provides a narrower range of coverage than standard market policies." (United Specialty Reply Mem. Supp. Mot. J. Pleadings at 2, ECF No. 20.)

In 2017, Everest filed a claim with United Specialty after it was sued by personal injury plaintiff Kimberly Delobel in state court. Ms. Delobel—a building inspector—was seriously

injured when she was struck by an eighty-five pound package of roofing shingles thrown by an Everest employee off the roof of a building at the Santorini Village Project.[1]

United Specialty denied that it had either a duty to defend Everest in Ms. Delobel's personal injury suit or a duty to indemnify Everest for losses arising out of the suit. In its communications to Everest, it denied coverage, citing only the policy's "Fall from Heights" exclusion. It then filed this declaratory judgment action. In United Specialty's complaint, it denied coverage based on the "Fall from Heights" exclusion and asserted, for the first time, the "Multi-Unit Residential Structures" exclusion.

**The Policy Exclusions**

Under the "Fall from Heights" exclusion, contained in an endorsement to the policy, insurance coverage does not extend to:

> "Bodily injury" sustained by any person at the location of the incident, whether working or not, <u>arising out of, resulting from, caused by, contributed to by, or in any way related to, in whole or in part, from a **fall from heights.**</u> For purposes of this exclusion, a "fall from heights" shall be **<u>defined as a fall</u>** from any elevation where there is a height differential between surfaces. This also includes the **<u>fall of an object</u>** causing, contributing to, or in any way relating to, in whole or in part, a person sustaining "Bodily injury."

(Exclusion 2x of Policy (emphases added).)

The "Multi-Unit-Residential Structures" exclusion says the insurance coverage does not extend to:

> "Bodily injury" or "property damage" arising out of, resulting from, caused by, contributed to by, or in any way related to work, development, construction, renovation or reconstruction on, or performed about the premises of:

---

[1] In response to United Specialty's complaint, Everest filed a counterclaim asserting breach of contract, breach of the implied covenant of good faith and fair dealing, and a tort claim labeled "bad faith" which asserts breach of fiduciary duties.

> (1) any residential or commercial condominiums, townhouses, timeshares, cooperative housing, multi-family homes or homeowners association project(s) or
>
> (2) any building or location which has been or is planned to be converted into a residential or commercial condominium, townhouse, cooperative housing, or timeshare, whether or not the insured knew of the planned conversion.
>
> ...
>
> For purposes of this exclusion, **"multi-unit residential structures"** shall include, but not be limited to, residential or commercial condominiums, townhouses, timeshares, cooperative housing, multi-family homes, and homeowners association projects.

(Exclusionary Endorsement No. 63 of Policy (emphases added).)

**Opposition of Everest and Ms. Delobel**

Everest and Ms. Delobel, in separate opposition briefs, argue that the court should deny United Specialty's motion for a number of reasons.

First, they contend that the "Fall from Heights" exclusion does not apply because the bag of shingles did not "fall" off the roof. It was thrown. According to Everest, "[t]he 'Fall from Heights' exclusion in the policy is silent as to thrown objects. Consequently, the 'Fall from Heights' exclusion does not encompass a thrown object. To the extent there is any ambiguity as to whether it does, Utah law requires the Court to resolve this ambiguity in Everest's favor." (Everest Opp'n to Mot. J. Pleadings at 3, ECF No. 18.)

Second, they assert that the "Multi-Unit Residential Structure" exclusion does not bar coverage because United Specialty, by failing to cite that exclusion in its initial denial-of-coverage letter, waived that exclusion as a ground for denying the claim.

Third, Defendants maintain that United Specialty's reliance on the "Multi-Unit Residential Structure" exclusion is not supported by admissible evidence. Everest and Ms. Delobel contend that the evidence submitted by United Specialty, which consists of "excerpts from relevant websites that document the townhomes and rental units available at Santorini Village," (United Specialty Mot. J. Pleadings at 16, ECF No. 14), is unauthenticated and inadmissible hearsay. Further, according to the Defendants, United Specialty's evidence, even if admissible, does not show what type of structure Everest was working on when Ms. Delobel was injured, and, accordingly, an issue of fact must be resolved before the court decides whether the exclusion applies. In other words, the court cannot resolve the issue based on the pleadings.

Finally, Defendants argue that the Policy is illusory because the exclusions prevent coverage of the foreseeable risks created by Everest's roofing business. That, they say, allows the court to find the exclusions void for violation of public policy and to extend coverage to Everest.

## ANALYSIS

The insurer has the burden to show that the exclusions apply. See Nat'l Union Fire Ins. Co. of Pittsburgh v. CML Metals Corp., No. 2:12-cv-934-TC, 2015 WL 4755207, *3 (D. Utah, Aug. 11, 2015) (unpublished). United Specialty has not satisfied its burden at this stage.

**Interpretation of "Fall from Heights" Exclusion**

The court must interpret the language of the policy according to the usually accepted meanings of the words. Ohio Cas. Ins. Co. v. Unigard Ins. Co., 268 P.3d 180, 184 (Utah 2012). The "Fall from Heights" language excludes coverage for injury caused by a "fall from heights,"

which is defined in the policy as "a fall from any elevation where there is a height differential between surfaces," and "includes the fall of an object . . . ." (Exclusion 2 of Policy.)

United Specialty argues that "fall" includes an object thrown from above. But the court agrees with the Defendants that United Specialty's interpretation is strained. The court concludes, after having reviewed the various dictionary definitions cited by the parties, that the usually accepted understanding of "fall" means that an object drops to the ground without involvement by a human actor.

The Defendants alternatively argue that the clause is ambiguous. When an exclusion's language is ambiguous (i.e., susceptible to different interpretations), the court must construe it in favor of coverage. United States Fidelity & Guaranty Co. v. Sandt, 854 P.2d 519, 522–23 (Utah 1993). "A corollary [to that rule] is that provisions that limit or exclude coverage should be strictly construed against the insurer." Id. at 523. Although the court holds that the exclusion does not apply based on a plain-language interpretation, even if it were ambiguous, the result is the same: the exclusion does not apply.

**"Multi-Unit Residential Structure" Exclusion**

<u>Waiver</u>

United Specialty denied Everest's claim for coverage in a letter dated August 10, 2017. In the letter, United Specialty relied solely on the "Fall from Heights" exclusion in the policy. (See Letter from Paul Ruiz, Claims Manager, Golden State Claims Adjusters, to Joshua Martin, Everest Construction LLC (Aug. 10, 2017), Ex. B to Delobel Mem. Opp'n Mot. J. Pleadings, ECF No. 16-2.) United Specialty first raised the "Multi-Unit Residential Structures" exclusion

in its complaint filed in this action on April 27, 2018, as a bar to coverage.  (See Compl., ECF

No. 2.)

Based on United Specialty's failure to advance the "Multi-Unit Residential Structures"

exclusion until filing the complaint, Ms. Delobel and Everest argue that United Specialty waived

its right to rely on it.  United Specialty disagrees, arguing that it had sent a declination letter to

Everest in which it raised the Multi-Unit Residential Structures exclusion.  The court cannot find

this letter in the record.

But this is not significant because the legal authority cited by United Specialty has

persuaded the court that United Specialty has not waived its right to rely on the Multi-Unit

Residential Structures exclusion.  The declination letters in the record warned Everest and others

that

> [t]his letter is based on the information, facts and circumstances known to us at
> this time.  Please note that nothing set forth in this letter should be deemed to
> amount to a waiver on the part of USIC to assert the applicability of any other
> policy provisions, terms, definitions or exclusions.  USIC expressly reserves its
> right to raise any defenses to coverage, including the right to disclaim coverage on
> any basis that may become apparent as this matter progresses and we receive
> further information.  By stating the foregoing, USIC does not intend to waive and
> shall not be estopped by asserting any coverage defenses that may apply.

(Aug. 10, 2017 Letter to Martin, ECF No. 16-2; Letter from Paul Ruiz, Claims Manager, Golden

State Claims Adjusters, to Dianne DiSera, Subrogation Adjuster, WFC Ins. (Sept. 11, 2017), Ex.

C to Delobel Mem. Opp'n Mot. J. Pleadings, ECF No. 16-3.)  That language is similar to other

declination-of-coverage letters in cases where courts have rejected an insured's waiver argument.

For example, in National Tea v. Commerce and Industry Insurance Company, 456 N.E.2d 206

(Ill. App. Ct. 1983), the insureds brought an action against their insurer to recover proceeds from

a fire insurance policy.  The insureds argued that the insurance company had waived another

ground for rejecting the insureds' claim because the insurance company did not raise that particular ground in its letter rejecting the claim. The court disagreed, pointing out that the letter sent by the insurance company had "expressly stated therein that the letter was not intended as a waiver and that it reserved the right to assert any other rights or defenses 'which may exist or later become known to exist.'" Id. at 213–14. See also Stargatt v. Avenell, 434 F. Supp. 234, 246 (D. Del. 1977) (no waiver by insurance company of defense not raised in letter denying coverage where letter stated that insurance company did not waive its other defenses).

Evidentiary Issue

United Specialty offers printouts of website pages advertising sale of townhomes in the Santorini Village Project as proof that the "multi-unit residential structure" exclusion applies. That evidence was attached to the complaint as Exhibit 3. (See ECF No. 2-3.) The Defendants object to the evidence, contending that the court may not rely on it because it is unauthenticated and inadmissible hearsay. United Specialty responds that the evidence may be judicially noticed, and, in any event, the court may consider the evidence because it was attached to the complaint. Although the web pages are not the type of material a court may judicially notice, United Specialty is correct that the court may consider evidence as part of the complaint. United Specialty separately points out a provision in the policy that allows use of extrinsic evidence to determine whether it owes a duty to indemnify. But that provision does not solve the question because Defendants are correct: the webpages are inadmissible as unauthenticated hearsay. Accordingly, the court cannot at this stage determine whether the multi-unit exclusion applies.

**Illusory Policy**

The Defendants contend that if the two exclusions apply, the Policy is illusory and so

void as against public policy. The court will not address the issue here because the "Fall from Heights" exclusion does not apply and the question of whether the multi-unit exclusion applies cannot be resolved at this point.

## **<u>ORDER</u>**

For the reasons set forth above, United Specialty Insurance Company's Motion for Judgment on the Pleadings (ECF No. 14) is DENIED.

DATED this 28th day of February, 2019.


BY THE COURT:

*Tena Campbell*
Tena Campbell
United States District Judge